# IN THE COURT OF APPEALS OF IOWA

No. 14-1769
Filed September 28, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LORENZO JAMES OAKLEY SR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

A defendant appeals from his conviction claiming his motion to suppress evidence was wrongly denied. **AFFIRMED.**

Jeremy M. Evans of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lorenzo Oakley Sr. appeals his convictions for possession of a controlled substance and interference with official acts, asserting the district court erred in denying his motion to suppress evidence. Oakley claims the search of his person was warrantless, thereby violating his constitutional right to be free from unreasonable search and seizure. We conclude the search of Oakley fell within the plain view exception to the warrant requirement. Therefore, we affirm the district court's denial of Oakley's motion to suppress and his convictions.

I.      Background Facts and Proceedings

Just after midnight on May 10, 2014, two Des Moines Police Department officers were patrolling a neighborhood near 21st Street and University Avenue in Des Moines. The officers observed Oakley enter the front passenger seat of a parked van. Another individual was seated in the driver's seat of the van. The officers then pulled next to the van; they did not initiate the emergency lights or siren, nor did they block the van from moving. After engaging in a conversation with the occupants, the driver told the officers that he did not have a valid driver's license. The officers got out of their vehicle. One officer went to the passenger side of the van to talk to Oakley while his partner conversed with the driver. The officer asked Oakley to exit the vehicle; Oakley complied. The officer then asked Oakley if he could search Oakley's pockets; Oakley agreed. Before the officer could search, Oakley began removing items from his pockets and holding them in his hands. The officer instructed Oakley to stop removing items. The officer noticed one of the items Oakley removed from his pockets was a pill bottle labeled "Hydrocodone."

While the officer searched Oakley's pockets, Oakley held the pill bottle and other items above his head. The officer saw numerous small, clear plastic baggies, which contained white rock-like substances inside. Based on his training and experience, the officer concluded it was not Hydrocodone in the bottle and it was likely crack-cocaine. The officer attempted to take the pill bottle from Oakley, but Oakley refused. Oakley then fled on foot, disregarding the officer's commands to stop. The officer chased Oakley, tackled him to the ground, and placed him under arrest for interference with official acts. The officer then retrieved the pill bottle, which was later confirmed to contain five individual baggies of crack-cocaine. Prior to trial, Oakley filed a motion to suppress the evidence, which after a hearing on the issue, was denied by the district court. Oakley was convicted after a jury trial. Oakley appeals.

II.     Standard of Review

We review motions to suppress based on federal and state constitutional grounds de novo. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). "This review requires 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001)).

III.     Motion to Suppress

Oakley argues the district court erred in determining the search of his person fell within the plain view exception to the warrant requirement. Oakley claims the officer could not have seen inside the pill bottle because of the time of day and the lack of light. The State notes the officer's testimony that the light

was sufficient to view the label and contents of the bottle and asserts the search therefore falls within the plain view exception to the warrant requirement.

"Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). Claims under the Iowa Constitution may be evaluated independently from federal claims. *Id.* However, typically, we "apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution."[1] *Id.* at 291–92.

Generally, a warrant is required for a search to be lawful. *See State v. Gaskins*, 866 N.W.2d 1, 7 (Iowa 2015). "'A warrantless search is presumed unreasonable' unless an exception applies." *Id.* (quoting *State v. Moriarty*, 566 N.W.2d 866, 868 (Iowa 1997)). One recognized exception to the warrant requirement is the plain view doctrine. *State v. Oliver*, 341 N.W.2d 744, 745 (Iowa 1983). The plain view doctrine applies when: (1) the police were "rightfully in the place that allows them to make the observation"; (2) "the item seized was in plain view"; and (3) the item's "'incriminating character' was 'immediately apparent.'" *State v. McGrane*, 733 N.W.2d 671, 680 (Iowa 2007). The burden is on the State to show that the exception applies. *Id.*

Here, the officers were in the midst of a consensual encounter on a public street when they learned the driver of the van did not have a driver's license.

---

[1] *See Tyler*, 830 N.W.2d at 291–92 ("Where a party raises both state and federal constitutional claims but does not argue that a standard independent of the federal approach should be employed under the state constitution, we ordinarily apply the substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.").

Once they confirmed that fact, they had probable cause to believe a traffic violation occurred and could lawfully detain the vehicle. *See State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011). Oakley then consented to having the officer search his pockets. The officer immediately noticed the pill bottle when Oakley pulled it from his pocket and was able to observe the bottle in Oakley's hands. Additionally, the officer immediately recognized the baggies in the pill bottle as containing a rock-like substance, which he believed, based on his training and experience, not to be hydrocodone but crack-cocaine. The district court found the officer's testimony to be credible. Based on these facts and observations, the officers: (1) were "rightfully in the place that allows them to make the observation"; (2) "the item seized was in plain view"; and (3) the item's "'incriminating character' was 'immediately apparent.'" *See McGrane*, 733 N.W.2d at 680. Therefore, the officer's search and seizure of the pill bottle fell within the plain view exception and was valid under both the Fourth Amendment and article I, section 8 of the Iowa Constitution.

IV. Conclusion

As we conclude the search of Oakley's person fell within the plain view exception to the warrant requirement, we affirm the district court's ruling and Oakley's conviction.

**AFFIRMED.**