**STATE of Iowa, Appellee,**

v.

**Manuel RAMIREZ, Appellant.**

No. 99–0087.

Supreme Court of Iowa.

Sept. 7, 2000.

Jane E. Rosien, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano and Frank Severino, Assistant County Attorneys, for appellee.

LARSON, Justice.

Manuel Ramirez was convicted of first-degree murder under Iowa Code sections 707.1, 707.2(1), and 707.2(2) (1997). He appealed, and the court of appeals reversed. The State applied for further review, which we granted. We vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. *Facts and Prior Proceedings.*

This is a companion case to *State v. Garcia,* 616 N.W.2d 594 (Iowa 2000), also filed today. The facts common to both cases are discussed in *Garcia,* but we will relate some of the additional facts concerning Ramirez's conviction as an aider and abettor. We view the evidence in the light most favorable to the verdict.

On the evening of March 28, 1998, Manuel Ramirez, Alejandro Garcia, and three others went out to buy beer. One of them, Isidro Ramirez (Isidro), stopped to talk to a man who told Isidro he wanted to hire the men to beat up a Daniel Hernandez Gonzales (Hernandez), who allegedly owed money for drugs. Each of the group would be paid $100.

The five men discussed a plan and the possibility of Hernandez's wife or girlfriend being there. All five agreed to participate. Ramirez suggested taking masks, but it was decided not to. While Ramirez was present, Garcia produced a gun and suggested taking it in case Hernandez had a weapon. Ramirez drove the group to meet the man who had hired them. Isidro again spoke with the man, who told Ramirez to follow him. Ramirez drove to a parking lot near the victim's mobile home, where his passengers got out of the pickup. Garcia took a baseball bat and a gun; another man took two beer bottles. They forced their way into the mobile home and assaulted Hernandez, kicking him repeatedly in the stomach and back and striking him with the beer bottles and the baseball bat on the head and shoulders. Garcia ultimately shot him four times. The men ran to the pickup

and fled, but law enforcement officers soon pulled them over. When the officers searched Ramirez's vehicle, they found the gun inside a hole in the door panel on the passenger side. Hernandez was transported to a hospital, where he later died.

Ramirez and the four others were charged with first-degree murder. By agreement of counsel, defendants Enrique Garcia, Jaime Mendoza, and Manuel Ramirez, this defendant, were all set for trial together. Prior to trial, the State filed a motion for adjudication of law points and a motion to exclude evidence of any claim that medical malpractice was an intervening and superseding cause of the victim's death. The court sustained the State's motion and found as a matter of law that medical malpractice was not a superseding cause of death and denied the defendant's proffered evidence on that point. Ramirez was found guilty of first-degree murder.

## II. *The Issues.*

Ramirez raises four issues: (1) the trial court's rejection of his theory of medical malpractice as an intervening cause of death, (2) the court's failure to give his requested instructions, (3) sufficiency of the evidence, and (4) ineffective assistance of counsel.

A. *The intervening cause issue.* Ramirez contends the court erred in ruling as a matter of law that any medical malpractice on the part of hospital personnel, by removing and attempting to reinsert a tracheotomy tube, was not a superseding cause of death. We discussed this argument at length and rejected it in *Garcia,* 616 N.W.2d at 596. That case controls on this issue.

■ B. *The proposed instructions.* Jaime Mendoza, one of Ramirez's codefendants, testified for the State at Ramirez's trial, pursuant to a plea agreement. On appeal Ramirez complains the jury instructions relating to the credibility of witnesses were insufficient, although he is not specific as to why. He requested the court

to give a model federal instruction concerning accomplice testimony but provided the court with no details about why that instruction was more appropriate than the one the court gave. He contends the court should have included his proposed jury instruction specifically addressing the credibility of accomplice testimony in the context of this case. His proposed instruction would say:

> You have heard evidence that Jaime Mendoza has made a Plea Agreement with the State. His testimony was received into evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by the Plea Agreement is for you to determine.

> The [witness's] Guilty Plea cannot be considered by you as any evidence of guilt of Defendants Enrique Garcia or Manuel Ramirez. The witness'[s] Guilty Plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness'[s] testimony.

The court refused to give Ramirez's instruction, but it did give separate instructions on credibility and accomplice testimony. The credibility instruction stated:

> In determining the facts, you may have to decide what testimony you believe. You may believe all, part or none of any witness's testimony.

> There are many factors which you may consider in deciding what testimony to believe, for example:

> 1. Whether the testimony is reasonable and consistent with other evidence you believe.

> 2. Whether a witness has made inconsistent statements.

> 3. The witness's appearance, conduct, age, intelligence, memory and knowledge of the facts.

> 4. The witness's interest in the trial, their motive, candor, bias and prejudice.

Also, the jury was instructed on accomplice testimony:

> An "accomplice" is a person who knowingly and voluntarily cooperates or aids in the commission of a crime.
>
> A person cannot be convicted only by the testimony of an accomplice. The testimony of an accomplice must be corroborated by other evidence tending to connect the Defendants with the crime.
>
> Because Jaime Mendoza is an accomplice, the Defendants cannot be convicted only by that testimony. There must be other evidence tending to connect the Defendants with the commission of the crime. Such other evidence, if any, is not enough if it just shows that a crime was committed. It must be evidence tending to single out the Defendant[] as one of the people who committed it.

■ A court need not approve a requested instruction when the substance of it is adequately incorporated into the instructions given to the jury. *State v. Spargo*, 364 N.W.2d 203, 210 (Iowa 1985). In the general credibility instruction, the jurors were instructed they could believe all, part, or none of any particular witness's testimony. They were also directed to consider the witness's interest in the trial, their motive, candor, bias, and prejudice. As to the instruction dealing with accomplice testimony, the jury was instructed Ramirez could not be convicted on Mendoza's testimony alone, but that other evidence must be shown to connect Ramirez with the crime. It is clear the substance of Ramirez's requested instruction on accomplice testimony is contained in the instructions actually given. The court did not err in refusing the defendant's proposed instruction.

C. *Sufficiency of the evidence.*

We review challenges to the sufficiency of the evidence for errors at law. We uphold a finding of guilt if "substantial evidence" supports the verdict. "Substantial evidence" is evidence upon which a rational finder of fact could find a defendant guilty beyond a reasonable doubt. We review the facts in the light most favorable to the State. Furthermore, we consider not only evidence which supports the verdict, but all reasonable inferences which could be derived from the evidence.

*State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000) (citations omitted).

Ramirez argues there is insufficient evidence to support his first-degree murder conviction. Specifically, he contends there is not substantial evidence to support a finding of willfulness, deliberation, and premeditation in killing the victim or aiding and abetting in the killing. Further, he contends there was insufficient evidence of killing the victim with malice aforethought while participating in a burglary or willful injury, or aiding and abetting the same, under felony murder. He contends the primary evidence against him is Mendoza's accomplice testimony, which suffers from a lack of credibility, had only minimal corroboration, and offered virtually no evidence of premeditation or malice aforethought.

Killing another with malice aforethought is murder. Iowa Code § 707.1. Murder is first-degree murder when committed willfully, deliberately, and with premeditation or while participating in a forcible felony. Iowa Code §§ 707.2(1), 707.2(2). Among those felonies listed as "forcible" are felonious assault and first-degree burglary. Iowa Code § 702.11.

Ramirez was charged with first-degree murder on the grounds the killing was done willfully, deliberately, and with premeditation "and/or" while participating in the forcible felonies of willful injury "and/or" first-degree burglary. Alternatively, Ramirez was charged with aiding and abetting the murder. It is undisputed Ramirez did not pull the trigger.

■ To sustain a conviction on the theory of aiding and abetting, the record must contain substantial evidence the accused assented to or lent countenance and

approval to the criminal act by either actively participating or encouraging it prior to or at the time of its commission. *State v. Jefferson,* 574 N.W.2d 268, 277 (Iowa 1997). Proof of participation or encouragement need not be established by direct evidence; circumstantial evidence will suffice. *State v. Lewis,* 514 N.W.2d 63, 66 (Iowa 1994). When intent is an element of the crime charged, a person may be convicted on a theory of aiding and abetting if he participates with the requisite intent or with the knowledge the principal has the intent. *State v. Lott,* 255 N.W.2d 105, 109 (Iowa 1977); *see also State v. Speaks,* 576 N.W.2d 629, 632 (Iowa App.1998).

■ 1. *Felony murder.* Felony murder requires participation in an underlying forcible felony and that a "murder" was committed during participation. *State v. Ragland,* 420 N.W.2d 791, 793 (Iowa 1988). Felony murder may be proved by showing that one of the persons involved in the underlying felony killed another person with malice aforethought. *Id.* It is not necessary for the State to prove Ramirez had malice aforethought, so long as it proved the principal did. *Id.* at 793–94.

■ Here, the five men agreed to go to the victim's residence and injure him. That was the condition under which they were hired. Ramirez was part of this discussion and was told they would be paid $100 each. During this discussion, no one voiced dissent. In fact, the evidence indicates Ramirez took an active part in the planning. During these discussions, Garcia showed a gun to the group and suggested taking it with them. Ramirez drove the others to the murder site and waited for them to work Hernandez over with the beer bottles, baseball bat, and gun.

Substantial evidence supports a finding Ramirez aided and abetted the underlying felonies of willful injury and first-degree burglary. A willful injury is an act that is intended to cause and does cause serious injury to another. Iowa Code § 708.4.

Serious injury is a bodily injury creating a substantial risk of death, causing serious permanent disfigurement, or causing protracted loss or impairment of the function of any body member or organ. Iowa Code § 702.18. There is evidence the perpetrators acted with the specific intent to inflict an injury creating a substantial risk of death, and their actions indicate an intent to inflict injury creating a "real hazard or danger of death." *State v. Anderson,* 308 N.W.2d 42, 47 (Iowa 1981).

There is also substantial evidence of an underlying burglary. Burglary is committed when a person enters an occupied structure with the intent to commit a felony, assault, or theft. Iowa Code § 713.1. It is elevated to first-degree burglary when committed upon an occupied structure in which at least one person is present, and the burglar either has in his possession a dangerous weapon or intentionally or recklessly inflicts bodily injury on any person. Iowa Code § 713.3. Here, Ramirez aided in the planning and execution of first-degree burglary. The group entered Hernandez's residence while he was in it with the intention of inflicting bodily injury on him. The underlying crime of first-degree burglary was adequately shown.

■ During the course of this burglary and/or willful injury, Garcia inflicted wounds on Hernandez that later caused his death. There is evidence Garcia possessed the requisite malice aforethought: he acted with the fixed purpose of inflicting an injury on Hernandez and possessed and used a deadly weapon. *See State v. Artzer,* 609 N.W.2d 526, 529–30 (Iowa 2000) (malice aforethought is fixed purpose or design to do physical harm to another). Malice may be implied by the use of a deadly weapon, accompanied by an opportunity to deliberate. *State v. Love,* 302 N.W.2d 115, 119 (Iowa 1981). It is immaterial whether the killing was within the contemplation or intention of Ramirez; it is only necessary that the principal had the necessary *mens rea* and the act was a

consequence of carrying out the unlawful common design. *Conner v. State*, 362 N.W.2d 449, 455 (Iowa 1985). There is evidence in this record to allow a jury to find Ramirez guilty beyond a reasonable doubt of aiding and abetting first-degree murder under a theory of felony murder.

■ 2. *Willful, deliberate, and premeditated killing.* For the State to prove Ramirez aided and abetted the commission of first-degree murder committed under the willful, deliberate, and premeditated alternative of Iowa Code section 707.2(1), the State was required to show the principal shot Hernandez "willfully, deliberately, with malice aforethought, premeditation, and a specific intent to kill." The State was also required to show that Ramirez knowingly aided and abetted the principal. *State v. Phams*, 342 N.W.2d 792, 797 (Iowa 1983).

■ There was sufficient evidence to support these findings. Garcia shot Hernandez four times. As already discussed, the use of a deadly weapon permits an inference the killing was committed with malice aforethought. *See Love*, 302 N.W.2d at 119. The use of a deadly weapon permits an inference of a willful and premeditated killing, *State v. Mayberry*, 411 N.W.2d 677, 682 (Iowa 1987), and an inference of a specific intent to kill, *Phams*, 342 N.W.2d at 797.

The evidence shows Ramirez knew Garcia was going to beat Hernandez and was going to take a gun with him. He drove Garcia and the others to and from the crime scene. The evidence thus supports a finding he aided and abetted the murder. *See State v. Cuevas*, 281 N.W.2d 627, 629, 631–32 (Iowa 1979) (defendant was charged with aiding and abetting; sufficient evidence to convict of first-degree murder when she drove car with prior knowledge of planned burglary and killing resulted at the scene of the burglary while she sat in the automobile).

3. *Corroboration.* Ramirez argues Mendoza's accomplice testimony has only minimal corroboration. Iowa Rule of Criminal Procedure 20(3) states:

A conviction cannot be had upon the testimony of an accomplice or a solicited person, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

■ There is sufficient evidence, independent of the accomplice's testimony, to connect Ramirez to the crime. For example, when police pulled his vehicle over shortly after the killing, he was driving, and the murder weapon was hidden in his vehicle. This evidence sufficiently connects Ramirez to the crime.

D. *The ineffective-assistance-of-counsel claims.* Ramirez asserts a claim of ineffective assistance of counsel in three respects: (1) not requesting severance of Ramirez's trial, (2) failing to object to an instruction on attempted murder, and (3) failing to pursue discovery of internal hospital records relating to Hernandez's medical treatment.

■ To prevail on an ineffective-assistance claim, Ramirez must prove by a preponderance of the evidence that his trial counsel failed to perform an essential duty, and that prejudice resulted from counsel's error. *State v. Casady*, 597 N.W.2d 801, 807 (Iowa 1999). Ordinarily, claims of ineffective assistance of counsel are preserved for postconviction relief. *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). This is especially the case when the challenged action implicates trial tactics or strategy that might be explained in a record more fully developed to address those issues. *Id.* However, when the record on appeal is adequate to address those issues, this court may do so on direct appeal. *Id.*

■ As to Ramirez's claim of ineffective assistance relating to failure to discover hospital documents, we have concluded

as a matter of law the hospital's treatment was not a superseding cause of death. Ramirez was not prejudiced by any failure to allow him to pursue discovery to support a claim that has no legal merit. We therefore reject this ground of alleged ineffective assistance of counsel. As to the claim that Ramirez's attorney rendered ineffective assistance by failing to object to the inclusion of an attempted murder instruction and failing to request a separate trial, we preserve those issues for possible post-conviction proceedings.

We vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.