# IN THE COURT OF APPEALS OF IOWA

No. 13-0949
Filed May 11, 2016

**MANUEL RAMIREZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

Manuel Ramirez appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

Thomas J. Miller, Attorney General, and Heather Ann Mapes, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*  Blane, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

A jury found Manuel Ramirez guilty of murder in the first degree after receiving alternate instructions, one for premeditated murder and one for felony murder with willful injury or burglary in the first-degree as the predicate felony,[1] and the district court sentenced Ramirez to serve life in prison. The Iowa Supreme Court affirmed Ramirez's judgment and sentence, and procedendo issued in 2000. *See State v. Ramirez,* 616 N.W.2d 587, 589 (Iowa 2000).

Ramirez subsequently filed three applications for postconviction relief; all were denied by the district court. Ramirez filed a fourth postconviction-relief application in 2012, alleging the Iowa Supreme Court's opinion in *State v. Schuler*, 774 N.W.2d 294 (Iowa 2009) should be retroactively applied to correct his "illegal" sentence.[2] Following trial, the district court issued a ruling, noting Ramirez had raised the *Schuler* claim in his third postconviction-relief application and the claim had been denied by the court; the court dismissed his application pursuant to Iowa Code section 822.8 (2011) ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application. . . .").[3]

---

[1] The jury was instructed it could find Ramirez guilty as principal or as an aider and abettor.

[2] Ramirez also raises this issue in his pro se brief.

[3] In his pro se brief, Ramirez claims he was "ambushed" by the PCR court's reliance on Iowa Code section 822.8 in denying his claim. This claim is unpersuasive. Prior to the hearing, the State filed a motion to amend answer and/or for summary disposition, claiming in part that Ramirez "filed a third postconviction action raising the exact same issues he seeks to litigate here" and which the court dismissed in 2011. Ramirez filed a resistance to the State's motion. Ramirez was aware of the res judicata issue.

Ramirez appeals. Through counsel, Ramirez contends his postconviction counsel was ineffective in failing to perfect his *Schuler* claim and the court erred in concluding *Schuler* was not applicable to his case. *Schuler* disavowed similar language of a jury instruction used in Ramirez's trial. As this court has observed, however, *Schuler* clarified rather than changed the law.[4] *See Jones v. State*, No. 12-0706, 2013 WL 4506167, at *2 (Iowa Ct. App. Aug. 21, 2013); *Dixon v. State*, No. 12-0499, 2013 WL 3291837, at *2 (Iowa Ct. App. June 26, 2013); *see also Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013); *Perez v. State*, 816 N.W.2d 354, 360-61 (Iowa 2012). Accordingly, because Ramirez's claim under *Schuler* was not raised within three years of procedendo, it was time-barred under Iowa Code section 822.3 (providing a postconviction-relief application "must be filed within three years . . . from the date the writ of procedendo is issued" except if it raises "a ground of fact or law that could not have been raised within the applicable time period").[5]

We affirm the denial of Ramirez's postconviction-relief application.

**AFFIRMED.**

---

[4] Ramirez also raises this issue in his pro se brief.
[5] Even if the application was timely, it would be barred by section 822.8.