STATE of Iowa, Appellee,

v.

Jeffrey K. RAGLAND, Appellant.

No. 87–13.

Supreme Court of Iowa.

March 16, 1988.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and E.A. Westfall, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

SCHULTZ, Justice.

This appeal concerns the constitutionality of Iowa's felony-murder rule, Iowa Code § 707.2(2) (1981), when the underlying felony is willful injury, Iowa Code § 708.4. The State charged defendant Jeffrey K. Ragland with first-degree murder for the death of Timothy Sieff, on the alternative grounds that the killing was either done willfully, deliberately and with premeditation or while participating in a forceable felony. Following trial, defendant was convicted of first-degree murder when the jury returned a special verdict of felony-murder. Defendant challenges application of the felony-murder rule, claiming that the underlying felony of willful injury is merged into the murder offense and cannot be used as a distinct offense to elevate the degree of murder. Defendant also claims that a contrary interpretation violates his constitutional rights to due process and equal protection, and that the sentence imposed is cruel and unusual punishment. We affirm the trial court.

On August 16, 1982, the victim was in the parking lot of a Council Bluffs grocery store visiting with friends, when defendant and three of his friends drove into the parking lot. Defendant and his companions left their vehicle and approached the victim's group. One of defendant's companions, Matthew Gill, was carrying a metal tire iron and another companion was carrying two bottles. As defendant's group approached the victim and his companions, defendant made comments about fighting and accused one of the men of having a knife. The victim and his group stated that they did not want to fight. Nevertheless, defendant took off his shirt and said, "Let's do it" or "We're gonna fight." Seconds later, as the victim stepped backwards with his hands raised, Gill swung the tire iron like a baseball bat, striking the victim's jaw and killing him.

After the victim dropped to the ground, the fight continued across the parking lot and into the grocery store. Defendant remained a primary figure and ended up carrying the tire iron into the supermarket while pursuing two of the victim's compan-

ions. As the defendant and his friends got into their car to leave, a store employee tried to get the license plate number. Defendant got out of the car and spat on him.

I. *Willful injury as underlying felony.* Defendant challenges the application of the felony-murder rule to the instant case. He urges that the underlying felony of willful injury cannot be used to support the felony-murder charge under the merger doctrine and the independent felony rule. We do not believe that these arguments are consistent with our legislative scheme.

■ Murder is committed when "a person kills another person with malice aforethought." Iowa Code § 707.1. A murder becomes first-degree murder when it is committed under any of four sets of circumstances. *Id.* § 707.2. Pertinent to this case, a murder is in the first degree when committed "while participating in a forcible felony." *Id.* § 707.2(2). There is no suggestion in our statutes that "forcible felony" was not intended to include the crime of willful injury. *See id.* §§ 702.11 ("forcible felony" includes "any felonious assault"), 708.4 (willful injury is a class "C" felony).

■ We have previously rejected contentions similar to those made by the defendant. In *State v. Beeman,* 315 N.W.2d 770, 777 (Iowa 1982), we stated that the legislature "intended that felonious assaults, including willful injury under section 708.4, be felonies that may serve as the basis of a felony-murder and that the merger doctrine ... not apply to such assaults." *Cf. State v. Phams,* 342 N.W.2d 792, 795 (Iowa 1983) (willful injury providing basis for felony-murder conviction); *State v. Mayberry,* 411 N.W.2d 677, 682–83 (Iowa 1987) (evidence of assault with intent to commit sexual abuse sufficient to support finding of felony-murder). We see no reason to retreat from our previous decisions.

II. *Due process.* Defendant maintains that the felonious assault and the fatal act were one and the same. He argues that

what would have been second-degree murder[1] or less should not be elevated to first-degree murder on the basis of an assault included within the homicide itself. To do so, he claims, relieves the State of its burden of proving all the necessary elements of first-degree murder. The defendant's brief argues that the conviction of first-degree murder on the basis of an underlying felony of willful injury "relieved the State, in effect, of proving both malice and an intentionally and knowingly caused death." He concludes that the application of the felony-murder rule is fundamentally unfair and violates the due process clause of the fourteenth amendment to the United States Constitution.

■ Initially, we note that an intentionally and knowingly caused death is not an element of felony-murder. Iowa Code § 707.1, .2(2). Therefore, any contention that due process requires the State to prove such an element is without merit. *See State v. Nowlin,* 244 N.W.2d 596, 604 (Iowa 1976); *People v. Benson,* 125 Misc.2d 843, 846–47, 480 N.Y.S.2d 811, 814 (N.Y. Sup.Ct.1984); *State v. Wanrow,* 91 Wash. 2d 301, 307–11, 588 P.2d 1320, 1323–25 (1978).

■ To properly analyze the issue of whether the State was relieved from proving malice, it is necessary to examine the State's burden of proof. First, it was required to prove that both Matthew Gill and defendant, as an aider and abetter, participated in the underlying felony of willful injury. *See Phams,* 342 N.W.2d at 795. To convict of willful injury the State must prove an act "which is intended to cause and does cause serious injury to another." Iowa Code § 708.4. The State must also prove that a "murder" was committed while participating in the underlying felony. *Id.* § 707.2. A "murder" is proved by showing that one of the persons involved in the underlying felony killed another person with malice aforethought. *Id.* § 707.1. It is not required that the State prove that defendant had malice aforethought if it is

---

1. Iowa Code section 707.3 defines second-degree murder as murder "which is not murder in the first degree."

proved that Matthew Gill did. *See Conner v. State*, 362 N.W.2d 449, 455 (Iowa 1985). Thus, defendant's claim is based on whether the State was required to prove both the malice aforethought of Gill and the intent of both parties to cause serious injury.

By claiming that the State was relieved of proving malice, which is an element of felony-murder, Iowa Code § 707.1, defendant seems to be arguing that by proving the required intent for willful injury, the State avoided the burden of proving malice. If, as defendant argues, the State was not required to prove malice, then there would be a violation of due process. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970) (due process protects accused against conviction except by proof beyond a reasonable doubt of every fact necessary to constitute the crime charged). We conclude, however, that the State was not relieved of its burden of proving all the necessary elements of felony-murder and hold that defendant's due process rights were not violated.

We do not believe that our felony-murder rule violates due process. The legislature has the right to prescribe those acts which are murder and to further define acts which constitute first-degree murder. In enacting section 707.2(2), the legislature did not relieve the State of proving any element of murder nor did it create any presumptions which shifted the burden of proof from the State to the defendant. We have previously rejected a similar challenge under Iowa Code section 690.2 (1973), the predecessor statute to section 707.2(2). *See State v. Nowlin*, 244 N.W.2d 596, 604–05 (Iowa 1976). In *Nowlin*, we pointed out that not all killings which occur during designated felonies are first-degree murder. Rather, only *murders* which occur during designated felonies are first-degree murder. Under our statute the difference between killing and murder is malice aforethought. If the State does not prove this malice there can be no finding of murder. *See State v. Oliver*, 341 N.W.2d 744, 747 (Iowa 1983).

In the context of willful injury as the underlying felony, it is true that evidence establishing the intent required for that crime will often be the same as that proving the malice aforethought required for murder. However, malice aforethought and intent to cause serious injury are distinct elements and the presence of one does not necessarily prove the presence of the other. The State was required to prove both elements. *See id.* Defendant's due process rights were not violated.

III. *Equal protection.* Defendant also claims that he was denied equal protection of the law. He theorizes that two felons, neither of whom intended to kill another, may receive vastly disproportionate punishment based on the fortuity that unintended death occurred in one case but not the other. He argues that basing criminal sanctions on unintended consequences outside of a defendant's control violates the equal protection clause.

Our legislature has determined that only certain felonies involving a substantial risk of serious injury or death should provide a basis for the felony-murder rule. *See* Iowa Code § 702.11. Therefore, defendant's characterization of death which occurs during these crimes as a fortuity is erroneous. In addition, the legislature has wide discretion in defining and classifying criminal offenses. *See State v. Robbins*, 257 N.W.2d 63, 67 (Iowa 1977). We have stated that a criminal classification will withstand an equal protection claim if it "is a reasonable one, operates equally on all within the class, and bears a logical relationship to the purpose to be accomplished." *Id.* We believe that section 702.2(2) meets this test and does not violate defendant's right to equal protection under the law.

IV. *Cruel and unusual punishment.* Defendant urges that the life sentence imposed in the present case is disproportionate to the offense charged and thereby constitutes cruel and unusual punishment in violation of the eighth amendment. We disagree.

Life imprisonment for first-degree murder is not so disproportionate to

the seriousness of the offense as to shock the conscience or sense of justice. *See State v. Kern*, 307 N.W.2d 29, 31 (Iowa 1981); *State v. Fuhrmann*, 261 N.W.2d 475, 479–80 (Iowa 1978). When we view the evidence in a light most favorable to the State, we find that defendant was a major participant in a felony which was committed with reckless indifference to human life and which led to the murder of Timothy Sieff. Defendant was the leader of a group which included at least one person armed with a tire iron which, as the evidence shows, can be and was a deadly weapon. Defendant instigated the fight, gave the command for it to begin and later armed himself with the same tire iron that produced the death. Under such circumstances a life sentence is not cruel and unusual punishment.

V. *Conclusion.* We affirm the judgment and sentence of the trial court against all claims raised by defendant on this appeal.

AFFIRMED.