# IN THE SUPREME COURT OF IOWA

No. 10–1770

Filed March 30, 2012

**STATE OF IOWA,**

　　Appellee,

vs.

**JEFFREY K. RAGLAND,**

　　Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Pottawattamie County, James M. Richardson, Judge.

An offender seeks further review of a court of appeals decision affirming the dismissal of his postconviction relief action. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

Jon M. Kinnamon, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Margaret Jane Popp Reyes, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

A juvenile offender, who the State tried as an adult, brought a postconviction relief action[1] claiming that his conviction for first-degree murder should be overturned and that his sentence is illegal because it amounts to cruel and unusual punishment under the State and Federal Constitutions. The district court dismissed both claims and the court of appeals affirmed, holding that the offender has made the same claims in the past and that the law of the case doctrine precludes the court from revisiting them. On appeal, we find the law of the case doctrine precludes the offender from attacking his conviction for first-degree murder. We also find, however, the doctrine does not preclude him from attacking his sentence as illegal because the controlling authority regarding cruel and unusual punishment has changed since his original appeal regarding this issue and the three-year limitation period for bringing a postconviction relief action does not prohibit a challenge to an illegal sentence. Therefore, we vacate the decision of the court of appeals, affirm in part and reverse in part the judgment of the district court, and remand this case for further proceedings on the illegal sentence issue.

---

[1]Although Ragland's application was labeled, "Application for Correction of [an Illegal] Sentence Pursuant to Iowa Rule of Criminal Procedure 2.24(5)(*a*) and Iowa Supreme Court Case, *Veal v. State*," the basis of Ragland's claim was that his conviction and sentence amounted to cruel and unusual punishment. A correction of a "conviction or sentence [that] was in violation of the Constitution of the United States or the Constitution or laws of this state" is required to be brought as a postconviction relief action pursuant to section 822.2(1)(*a*). Iowa Code § 822.2(1)(*a*) (2009); *see also Veal v. State*, 779 N.W.2d 63, 64 (Iowa 2010) (allowing an applicant to challenge her sentence as an illegal sentence based on cruel and unusual punishment in a postconviction relief action). Thus, we will refer to Ragland's application as an application for postconviction relief.

## I. Background Facts and Proceedings.

In 1986, a jury convicted seventeen-year-old Jeffrey K. Ragland of first-degree murder for his participation in a fight resulting in the death of Timothy Sieff. Sieff died after Ragland's codefendant, Matthew Gill, struck Sieff once in the head with a tire iron. The State formally charged Ragland under two alternate first-degree murder theories—willful, deliberate, and premeditated murder and felony murder, with willful injury serving as the predicate felony. The jury convicted Ragland under the felony-murder rule. Ragland received a sentence of life in prison without the possibility of parole, as required by statute.

On direct appeal, we affirmed Ragland's conviction in *State v. Ragland*, 420 N.W.2d 791 (Iowa 1988), *overruled by State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006). In challenging his conviction, Ragland argued the predicate felony of willful injury merged into the offense of murder and could not be used to support his conviction under the felony-murder rule. *Ragland*, 420 N.W.2d at 793. He also argued his conviction violated his right to due process because what would otherwise have amounted to second-degree murder, at most, should not have been enhanced to first-degree murder because the same act constituted the felonious act and the fatal act. *Id.* Ragland further contended that his sentence was cruel and unusual because it was disproportionate to the offense charged and that it violated his right to equal protection. *Id.* at 794. We rejected all of Ragland's contentions. *Id.* at 795.

Ragland subsequently filed several state and federal actions, all of which were unsuccessful. In 1991, the court of appeals affirmed Ragland's conviction and sentence in a postconviction action in which he contended his attorney rendered ineffective assistance during the 1986

criminal proceedings. *Ragland v. State*, No. 1–116, 478 N.W.2d 642 (Iowa Ct. App. May 29, 1991) (unpublished table opinion). On appeal to the Eighth Circuit Court of Appeals after a federal district court denied his petition for a writ of habeas corpus, Ragland argued his conviction violated his rights to due process and against double jeopardy because the felony and murder resulted from the same act. *Ragland v. Hundley*, 79 F.3d 702, 704 (8th Cir. 1996). He also argued the jury instructions deprived him of due process because they were inadequate. *Id.* at 705. Finally, he argued our limitation of the statutory merger doctrine in felony-murder cases violated his right to equal protection. *Id.* at 706. Nonetheless, the Eighth Circuit affirmed the denial of his petition. *Id.* at 707.

In 2005, Ragland filed a motion to correct an illegal sentence under Iowa Rule of Criminal Procedure 2.24(5)(*a*), arguing the trial court lacked power to convict and sentence him for first-degree murder. Again, underlying all of Ragland's arguments was his contention the district court could not rely upon a single act as the evidentiary basis for both the homicide and the alleged participation in a forcible felony. The district court denied the motion, holding the law of the case doctrine barred reconsideration of Ragland's case. We affirmed the decision of the district court in an order.

Finally, in 2007, Ragland filed a postconviction relief action claiming our 2006 decision in *Heemstra* afforded him relief. In *Heemstra*, we ruled an act causing willful injury that causes the victim's death could not serve as the predicate felony for felony-murder purposes. 721 N.W.2d at 558. In an order, we summarily affirmed the dismissal of this action on the grounds that our ruling in *Heemstra* was not

retroactive. *See Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009) (holding *Heemstra* is not retroactive).

On March 17, 2010, Ragland filed an application for correction of sentence. On April 7, Ragland amended his application. In his amended application, he raises two arguments. The first argument is that his conviction is improper after our decision in *Heemstra.* The second is that his sentence, life in prison without the possibility of parole, is illegal because it constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution. He relies on our decision in *Veal v. State*, 779 N.W.2d 63 (Iowa 2010), to support this argument.

In denying his application, the district court characterized Ragland's argument as a rehashing of the same errors he alleged in previous actions concerning the felony-murder rule. Because the court characterized Ragland's application as another challenge to an allegedly erroneous conviction and not as a challenge to an illegal sentence, the court dismissed his application as barred under the doctrines of res judicata and the law of the case. After deciding Ragland's action was barred by the doctrines of res judicata and the law of the case, the district court went on to state that, if it had reached the merits, Ragland's claim would have failed.

Ragland appealed, making two arguments. First, he made the same arguments he made in his prior appeals and actions—that he cannot be guilty of first-degree murder under the felony-murder rule. Second, he argued the district court erred in denying his state and federal constitutional claims based on an illegal, unusual, and cruel punishment.

We transferred the case to the court of appeals. The court of appeals affirmed the district court. It agreed Ragland's application was merely "a reformulation of arguments raised and decided in prior proceedings." Therefore, the court of appeals determined, the law of the case doctrine barred the court's consideration of Ragland's application because the issues had already been litigated and decided. The court of appeals did not address the merits of Ragland's application.

We granted further review to determine whether the law of the case doctrine precluded Ragland's claims.

**II. Scope of Review.**

As explained later in this opinion, the only viable issue raised by Ragland is whether his sentence as a minor to life in prison without parole constitutes cruel and unusual punishment under the State and Federal Constitutions. We review constitutional claims de novo. *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

**III. Discussion and Analysis.**

The law of the case doctrine "represents the practice of courts to refuse to reconsider what has once been decided." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987). It stems from "a public policy against reopening matters which have already been decided." *Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006). Under the law of the case doctrine, "the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." *Grosvenor*, 402 N.W.2d at 405. Therefore, under the doctrine, " 'an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the

same case.'" *Bahl*, 725 N.W.2d at 321 (quoting *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000)).

However, the law of the case doctrine is not without exceptions. For instance, when the controlling authority has been clarified by subsequent judicial decisions, the doctrine does not apply. *United Fire & Cas. Co.*, 612 N.W.2d at 103. This exception is applicable to Ragland.

Subsequent to most of Ragland's appeals and postconviction relief actions, we decided *Heemstra*. There, we decided, "[I]f the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Heemstra*, 721 N.W.2d at 558. Ragland raised the arguments contained in *Heemstra* in the postconviction relief action he filed after our decision in *Heemstra*. In the postconviction relief action, we determined our ruling in *Heemstra* was not retroactive as decided in *Goosman*. *See Goosman*, 764 N.W.2d at 545.

Thus, we dismissed Ragland's postconviction relief action based on his claim that *Heemstra* provided him with some relief. Because we considered Ragland's claims both before and after our decision in *Heemstra*, the law of the case doctrine bars rehearing of any claims he made attacking his conviction based on *Heemstra*. Accordingly, the district court correctly refused to revisit Ragland's claims attacking his conviction for first-degree murder.[2]

We believe a different result should apply to Ragland's claim that the district court erred in denying his state and federal constitutional

---

[2]Because we have denied Ragland's claim concerning this issue, we need not determine if the claim is also barred by the limitation period contained in Iowa Code section 822.3.

claims that his sentence was illegal because it amounted to cruel and unusual punishment. After Ragland last raised his cruel and unusual punishment argument, we decided *Veal* and *State v. Bruegger*, 773 N.W.2d 862 (Iowa 2009), which both involved cruel and unusual punishment and juvenile offenders. In *Veal* and *Bruegger*, we determined a challenge to a sentence of life in prison without the possibility of parole as cruel and unusual punishment under the State and Federal Constitutions is a challenge to an illegal sentence and not subject to the three-year limitation period for postconviction relief actions. *Veal*, 779 N.W.2d at 64–65; *Bruegger*, 773 N.W.2d at 871–72. Additionally, in *Bruegger*, we held, under the Iowa Constitution, we would now allow a defendant to challenge his or her sentence as cruel and unusual punishment as applied.[3] *Id.* at 884; *see also State v. Oliver*, ___ N.W.2d ___, ___ (Iowa 2012) (applying the principles involving a cruel and unusual punishment challenge to a sentence under the Iowa Constitution).

Accordingly, the court should not have dismissed Ragland's postconviction relief action concerning his claim that his sentence

---

[3]There is a question as to whether the controlling federal authority regarding juvenile offenders sentenced to life in prison without the possibility of parole has changed since Ragland last raised this issue. In *Graham v. Florida*, ___ U.S. ___, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the United States Supreme Court revisited the standards to use when deciding whether a juvenile offender's sentence of life in prison without the possibility of parole constitutes cruel and unusual punishment under the Federal Constitution. In *Graham*, the Court stated a defendant's challenge must be made under the "categorical approach" or made as a "gross proportionality challenge to [the] particular defendant's sentence." ___ U.S. at ___, 130 S. Ct. at 2022–23, 176 L. Ed. 2d at 837. The Court ruled courts cannot sentence a juvenile offender to life in prison without the possibility of parole for a nonhomicide offense. *Id.* at ___, 130 S. Ct. at 2034, 176 L. Ed. 2d at 850. To further complicate the status of the law, the Supreme Court is presently considering two Eighth Amendment challenges to a sentence of life in prison without the possibility of parole for juvenile offenders who commit homicide. *See Jackson v. Hobbs*, ___ U.S. ___, 132 S. Ct. 548, 181 L. Ed. 2d 395 (2011) (granting certiorari); *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 548, 181 L. Ed. 2d 395 (2011) (same).

amounted to cruel and unusual punishment because the controlling authority has changed since Ragland challenged his sentence as cruel and unusual punishment in his original appeal. Therefore, the district court should have allowed Ragland to proceed with his cruel and unusual punishment challenges to his sentence based on the State and Federal Constitutions.

## IV. Disposition.

We vacate the decision of the court of appeals, affirm in part and reverse in part the judgment of the district court, and remand this case for further proceedings. On remand, the district court shall not consider any challenge to Ragland's conviction for first-degree murder based upon the application of felony-murder rule or our decision in *Heemstra*. The only issue the court should consider is whether Ragland's sentence amounts to cruel and unusual punishment under the State or Federal Constitution.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**