ZAGER, Justice
(concurring specially).
I join the majority opinion in affirming the resentencing ordered by the district court. However, I write separately because I disagree with the majority’s conclusion that a commuted prison sentence of life without parole for sixty years is the functional equivalent or de facto life without parole (LWOP). I also disagree with the majority’s holding that Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), apply to a term-of-years sentence, as I note in my dissent in State v. Null, 836 N.W.2d 41, 84-88, 2013 WL 4250939 (Iowa 2013). Accordingly, I would affirm the district court for other reasons.
I agree with this court’s remand for resentencing under a cruel and unusual punishment analysis due to Ragland’s original sentence of LWOP for a homicide committed while he was a juvenile. See State v. Ragland, 812 N.W.2d 654, 659 (Iowa 2012). Under the circumstances and under Graham then Miller, the district court properly performed an individualized assessment of Ragland, taking into consideration the appropriate factors, including age and other circumstances surrounding the crime.
Prior to the evidentiary hearing, however, Governor Branstad issued his commutation of sentence to Ragland and numerous other juvenile offenders who were serving LWOP sentences. I agree that the Governor has the constitutional authority to commute sentences to life without parole for a term of years, as he did here. However, as noted by Justice Wiggins in his concurring opinion, the commutation power is not without limitation.
I believe the Governor exceeded his constitutional authority when he attempted to remove Ragland’s ability to earn good time credit against this commuted sentence, as authorized by statute. See Iowa Code § 903A.2 (2013). Awarding earned good time credit would have allowed for the possibility of Ragland’s release after forty-two and one-half years, which I would not consider to be the functional equivalent of LWOP. Under these circumstances, and for the reasons set forth in Justice Wiggins’s concurring opinion, the district court was correct in refusing to give effect to the Governor’s attempt to commute Ragland’s sentence. The district court was correct *127 in then applying Miller in this case, and I would affirm Ragland’s sentence.