**IN THE COURT OF APPEALS OF IOWA**

No. 3-1211 / 13-0299
Filed February 19, 2014


**WILLIAM J. NIMS JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


    An applicant appeals the district court's dismissal of his postconviction

relief application.  **AFFIRMED.**


    James T. Peters, Independence, for appellant.

    Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant

County Attorney, for appellee.


    Considered by Vogel, P.J., and Mullins and McDonald, JJ.

**VOGEL, P.J.**

William Nims appeals the district court's dismissal of his second postconviction relief (PCR) application. Nims was convicted of first-degree kidnapping in 1983, following his abduction and sexual assault of an eight-year-old child, and was sentenced to life in prison. *See State v. Nims*, 357 N.W.2d 608, 608–09 (Iowa 1984). He filed this most recent PCR application pro se, asserting his sentence amounted to cruel and unusual punishment, detailing facts of both disproportionality and categorical challenges to the legality of his sentence. The State filed a motion to dismiss the application as time barred under the three-year statute of limitations for PCR applications. *See* Iowa Code § 822.3 (2011).

The district court dismissed the petition after an unreported hearing where Nims was represented by counsel. The district court found Nims's argument to be essentially that if it has been determined by the United States Supreme Court to be cruel and unusual punishment to sentence a seventeen-year-old to life in prison without the possibility of parole, then it should also be considered cruel and unusual punishment to sentence him to life in prison without the possibility of parole when he was just nineteen years old at the time of the commission of the offense. *See Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding the Federal Constitution prohibits the imposition of a life-without-parole sentence on a juvenile offender who did not commit homicide). The district court concluded there were no cases extending the cruel-and-unusual-punishment argument, articulated in *Graham*, to adult teenagers. The court also concluded it was

unaware of any appropriate exception to the three-year statute of limitations found in section 822.3.

On appeal Nims claims "the court erred by denying him an evidentiary hearing to fully address his claim that the mandatory sentence of life without parole as applied to him amounts to cruel and unusual punishment under the state and federal constitutions." In his argument section, however, Nims fails to cite any statutory or case law authority to support his claim that he is entitled to an evidentiary hearing on his claim. He cites only cases from the Supreme Court and the courts of our state that hold juveniles cannot be sentenced to life without the possibility of parole, and statutes that limit the rights of those under the age of twenty-one. He also fails to assert any facts that could support his claim made in his application for postconviction relief that his sentence was grossly disproportionate to his crime. Because Nims has failed to cite both facts and authority to support his claim, we consider the issue waived pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed a waiver of that issue."). Finding Nims's only claim on appeal has been waived, we affirm the district court's dismissal of his application for postconviction relief.

**AFFIRMED.**

McDonald, J., concurs; Mullins, J., dissents.

**MULLINS, J., (dissenting)**

I must respectfully dissent. I conclude Nims did not waive his claim by failing to cite authority and conclude, based on the merits of the appeal, Nims should have been granted an evidentiary hearing to develop his cruel-and-unusual-punishment challenge to his sentence.

First, the waiver rule found in Iowa Rule of Appellate Procedure 6.903(2)(g)(3) is discretionary, not mandatory—"Failure to cite authority in support of an issue *may* be deemed a waiver of that issue." (Emphasis added.) While Nims does not cite specific case law that supports his claim for an evidentiary hearing, his argument is easily discernable in the brief. This is not a case where a party randomly mentions an issue without any support or argument. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) (finding a party's random mention of an issue without elaboration or supportive authority was insufficient to raise an issue for the court's consideration). The whole point and scope of Nims's brief is that the court should have permitted him to have an evidentiary hearing on his cruel-and-unusual-punishment claim. Nims's pro se application at the district court made his claim clear. The case law on this issue is easily obtainable by this writer in my review of the district court's action without requiring me to take an advocate position for Nims. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (noting the court will dismiss an appeal where to reach the merits of the case required the court to assume a partisan role and undertake the

appellant's research and advocacy). I therefore find Nims did not waive this claim and address it on the merits.

I begin by noting the three-year statute of limitations for postconviction relief actions does not apply in cases where the applicant challenges his sentence as illegal. *See Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) (finding the three-year statute of limitations for postconviction relief actions does not apply when a defendant challenges a sentence as illegal in a PCR application). A challenge that a sentence is illegal can be raised at any time as it is a challenge to the underlying power of the court to impose a sentence. *Id.* Even though he raised the claim in a PCR application, the claim of an illegal sentence is not considered a PCR action. *Id.* The three-year statute of limitations for PCR actions found in section 822.3 is inapplicable. The district court was incorrect to dismiss this case on that ground.

The district court also rejected the illegal sentence challenge on the merits when it stated that it was unaware of any case that extended the cruel-and-unusual-punishment argument to individuals who were adult teenagers during the commission of the offense. The United State Supreme Court announced a categorical rule in *Graham* that the Federal Constitution prohibits the imposition of a sentence of life without the possibility of parole on juvenile offenders convicted of nonhomicide crimes. 560 U.S. at 82. The Supreme Court extended this categorical rule against mandatory life-without-parole sentences to juveniles convicted of homicide offenses in *Miller v. Alabama*, 132 S. Ct. 2455, 2475 (2012). However, these categorical rules have not been applied to offenders

who were eighteen years of age or older when they committed the offense. *See Roper v. Simmons*, 543 U.S. 551, 574 (2005) ("Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. . . . For the reasons we have discussed, however, a line must be drawn."). Thus, any attempt by Nims to assert his sentence is categorically unconstitutional by violating the Cruel and Unusual Punishment Clauses of the Federal Constitution or the corresponding clause in the Iowa Constitution is without merit, and the district court correctly rejected this claim.

However, I interpret Nims's claim in his pro se PCR application along with his appellate brief to be a gross-proportionality challenge,[1] not a categorical challenge, because he emphasized the specific facts of his case. *See Oliver*, 812 N.W.2d at 639–41 (explaining the difference between a categorical and a gross-proportionality challenge to a sentence as violating the Cruel and Unusual Punishment Clause). In relatively rare cases, a court is permitted to conduct an individualized assessment of the punishment imposed where there is an unusual combination of features converging to generate a high risk of potential gross disproportionality. *State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009). A gross-proportionality challenge involves the application of a three-part test first developed in *Solem v. Helm*, 463 U.S. 277 (1983). *Oliver*, 812 N.W.2d at 647.

---

[1] The Iowa Supreme Court in *State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012), recognized the terminology for an Eighth Amendment challenge has changed with the U.S. Supreme Court's case of *Graham*, 130 S. Ct. at 2022. Instead of a "facial challenge" or an "as-applied challenge," "the defendant must challenge his sentence under a 'categorical' approach or make a 'gross proportionality challenge to [the] particular defendant's sentence.'" *Oliver*, 812 N.W.2d at 640 (citations omitted).

> The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality. This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence. If, and only if, the threshold test is satisfied, a court then proceeds to steps two and three of the analysis. These steps require the court to engage in an intrajurisdictional analysis comparing the challenged sentence to sentences for other crimes within the jurisdiction. Next, the court engages in an interjurisdictional analysis, comparing sentences in other jurisdictions for the same or similar crimes.

*Id.* (internal quotation marks and citations omitted). However, this test cannot be applied without a proper record allowing the defendant "an opportunity to fully explain the facts and circumstances of his prior offense" and "giving the State a chance to present evidence of the impact on the victim and [the victim's] family, the defendant's lack of remorse, his inability to respond to rehabilitative services, and the need to incapacitate the defendant." *Id.* at 649.

In this case, the court dismissed Nims's PCR application on the basis of the statute of limitations and the lack of authority to support a categorical challenge to his sentence. Nims was not given an opportunity to develop the record with regard to his gross-proportionality challenge.[2] I therefore would

---

[2] I note Nims challenged his sentence as cruel and unusual punishment under the *Solem* factors in his direct appeal. *See Nims*, 357 N.W.2d at 610-11. The supreme court rejected the challenge finding Nims "grossly understates the seriousness of his crime" and Iowa was not alone in mandating a life sentence for a crime similar to Nims's. *Id.* In its appeal brief the State asserts this prior decision prevents Nims from asserting a challenge again based on res judicata.

The State did not, however, assert the affirmative defense of res judicata at the district court in its motion to dismiss. *See Bertran v. Glen Falls Ins. Co.*, 232 N.W.2d 527, 531 (Iowa 1975) ("We have established the rule that a party who desires to set up a prior adjudication as a bar to a claim made by an opposing party must properly plead such adjudication before evidence is admissible in regard to it."). As an affirmative defense, the State had the obligation to plead and prove the claim. *Id.*

I also note our supreme court did not officially adopt a gross-proportionality challenge to a sentence under the Iowa Constitution until *Bruegger*, 773 N.W.2d at 884.

reverse the district court's dismissal and remand this case for a hearing on Nims's gross-proportionality challenge.

---

This was some twenty-five years after the court's rejection of Nims's claims on direct appeal. The court in *Ragland v. State*, 812 N.W.2d 654, 658–59 (Iowa 2012), noted the law with respect to a claim that a sentence amounted to cruel and unusual punishment had changed as a result of the court's decisions in *Bruegger* and *Veal*. This judicial clarification of the law makes the law-of-the-case doctrine inapplicable.