# IN THE COURT OF APPEALS OF IOWA

No. 19-1202
Filed August 5, 2020

IN RE THE MARRIAGE OF KEVIN RICHARD HUINKER
AND DODY JANE HUINKER

Upon the Petition of
KEVIN RICHARD HUINKER,
        Petitioner-Appellee,

And Concerning
DODY JANE HUINKER,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Clayton County, John J.
Bauercamper, Judge.


        Dody Huinker appeals the modification of Kevin Huinker's child support
obligation as to their child.  **AFFIRMED.**


        Kevin E. Schoeberl, Cresco, for appellant.

        Thomas J. Miller, Attorney General, and Terra K. Wood, Gary J. Otting, and
Paige Albjerg, Assistant Attorneys General, for appellee State.


        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Kevin and Dody Huinker married in 2002. The marriage produced one child, born in 2004. The parties' marriage was dissolved in 2016. The parties were awarded joint legal custody and shared physical care of the child, and Kevin was ordered to pay monthly child support in the amount of $454.44. This court affirmed on those issues. *See In re Marriage of Huinker*, No. 16-1663, 2017 WL 4049501, at *1 (Iowa Ct. App. Sept. 13, 2017). However, we modified the decree to award Dody $350.00 in monthly spousal support. *Id.* We also reapportioned the parties' share of unpaid medical expenses from equal to roughly seventy-nine percent for Kevin and twenty-one percent for Dody. *Id.*

In September 2018, Dody requested the Child Support Recovery Unit (CSRU) to conduct a review of Kevin's child support obligation. In October, the CSRU served its notice of intent to review and adjust the obligation. In March 2019, the CSRU issued its recommendation following review, proposing Kevin's child support obligation be reduced to $289.00 per month. The decision advised, "You may also ask for a court hearing if you disagree with this decision." In April, the CSRU filed a motion for a hearing under Iowa Code chapter 252H (2018) concerning modification of child support. Attached to its motion was a letter from Dody requesting "a court hearing on [her] review."

The matter proceeded to a hearing. At the hearing, Kevin took the position that the calculation did not account for his travel costs or union dues. However, he requested the court to adjust his obligation in accordance with the CSRU's calculations. Dody asserted the parties were not actually exercising joint physical care and complained the calculation factored in her receipt of spousal support.

Following the hearing, the court adopted the CSRU's recommended adjustment and entered an order to that effect.

Dody appeals, claiming the court erred in adjusting child support. First, she argues the review of child support should have been dismissed upon her request. She seems to suggest her April letter to CSRU was a request that the review and adjustment be dismissed. Because Dody failed to cite to legal authority in support of her argument, we deem it waived. *See* Iowa R. App. P. 6.903(2)(g)(3). In any event, Dody mischaracterizes the record. She specifically requested the CSRU to conduct a review then requested a court hearing on the ensuing recommendation. Her buyer's remorse at the ensuing hearing and on appeal is insufficient to merit relief. Furthermore, Dody never requested the review proceeding be dismissed. As a result, the court never considered or ruled on a motion to dismiss, and error is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Second, Dody claims the court erred in modifying support absent a substantial change in circumstances. Again, she fails to cite to legal authority to support her claim, so we deem it waived. *See* Iowa R. App. P. 6.903(2)(g)(3). In any event, and simply stated, "a substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines." Iowa Code § 598.21C(2)(a). That threshold is met here so we find the court acted equitably.

Third, Dody claims the court erred in adding social security disability benefit payments attributable to the child as part of her gross income. But Dody lodged no challenge, argumentative or evidentiary, to the CSRU's calculation of her

income. Again, error is not preserved. *See Meier*, 641 N.W.2d at 537. Nor did she file a motion to reconsider, enlarge, or amend, following the court's order for adjustment lodging the claim she now raises for the first time on appeal.[1] Error was not preserved. Rather than raise that complaint for the first time on appeal, the proper procedure to preserve error on this issue having not raised it at the hearing was to file a motion raising the district court's failure to decide the issue prior to appealing. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). Even if error had been preserved, as the appellant, it was Dody's duty to provide us with an adequate record to determine the issue, which she has failed to do; it would be improvident of us to decide the issue without one and we decline to do so. *See In re F.W.S.*, 698 N.W.2d 134, 135–36 (Iowa 2005).

Finally, Dody claims the CSRU and court erred in deducting Kevin's spousal support obligation from his income and adding the same to hers because she was not receiving spousal support on a consistent basis. We again deem the argument waived for failure to cite to authority. *See* Iowa R. App. P. 6.903(2)(g)(3). Alternatively, in her testimony at the hearing, Dody acknowledged Kevin was "current to date" on his spousal support obligation. And the spousal support we awarded to Dody is traditional in nature. *See In re Marriage of Gust*, 858 N.W.2d 402, 412 (Iowa 2015) ("[T]raditional spousal support is normally payable until the

---

[1] Nor did she raise it in the prior appeal. The record from the dissolution trial provided Dody received $967.00 in benefits as to her and $362.00 as to the child. We used both in calculating her annual income of $15,948.00 for purposes of determining her spousal support award. *See Huinker*, 2017 WL 4049501, at *3. Whether that was right or wrong, the law of the case doctrine would arguably render our inclusion of the benefits "binding throughout further progress of the case upon the litigants." *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012).

death of either party, the payee's remarriage, or until the dependent is capable of self-support at the lifestyle to which the party was accustomed during the marriage."); *cf. Huinker*, 2017 WL 4049501, at *3 (awarding Dody support "until the death of Kevin or Dody, or until Dody is able to draw her share of Kevin's IPERS account, whichever occurs first"). "Gross monthly income includes traditional . . . spousal support payments to be received by a party in the pending matter." Iowa Ct. R. 9.5(1)(a). Traditional support is to be "added to the payee's income and deducted from the payor's income before child support is calculated." Iowa Ct. R. 9.5(1)(a)(1).

We affirm the decision of the district court.

**AFFIRMED.**