**IN THE COURT OF APPEALS OF IOWA**

No. 22-0159
Filed July 13, 2023

**DUANE LUVERNE YATES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer,

Judge.


    Applicant appeals the denial of his application for postconviction relief on

the ground of untimeliness.  **AFFIRMED.**


    Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for

appellant.

    Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


    Heard by Ahlers, P.J., Badding, J., and Carr, S.J.*  Tabor, J., takes no part.

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**CARR, Senior Judge.**

Duane Yates appeals the district court's ruling that his current application for postconviction relief (PCR) is untimely. Yates claims a new three-year time period for filing PCR actions began when he was resentenced. We determine the three-year statute of limitations in Iowa Code section 822.3 (2004) did not begin anew when Yates was resentenced in 2015. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

In 2002, Yates was convicted of second-degree sexual abuse. His conviction was affirmed on appeal. *State v. Yates*, No. 02-1681, 2003 WL 22697964, at *4 (Iowa Ct. App. Nov. 17, 2003). Procedendo issued on February 13, 2004.[1]

Yates filed a PCR action claiming he had been given an illegal sentence which imposed the enhancement under section 901A.2(3). *State v. Yates*, No. 12-2273, 2014 WL 2600212, at *1 (Iowa Ct. App. June 11, 2014). The district court agreed and removed the sentencing enhancement. *Id.* On appeal we ruled, "We affirm the November 27, 2012 order correcting Yates's sentence. We . . .

---

[1] Yates has filed multiple applications for PCR through the years. In *Yates v. State*, No. 03-1268, 2005 WL 425458, at *1 (Iowa Ct. App. Feb. 24, 2005), Yates appealed the denial of his request for a restitution hearing. In *Yates v. State*, No. 08-1879, 2009 WL 3064427, at *2 (Iowa Ct. App. Sept. 17, 2009), Yates appealed the dismissal of his PCR action under Iowa Rule of Civil Procedure 1.944. In *Yates v. State*, No. 13-1284, 2014 WL 5861986, at *1 (Iowa Ct. App. Nov. 13, 2014), Yates appealed, claiming he should not be subjected to the sex-offender registry requirements but the PCR action was determined to be untimely. In *Yates v. State*, No. 16-1328, 2018 WL 3650279, at *1 (Iowa Ct. App. Aug. 1, 2018), Yates appealed the district court's denial of his request to reopen his first PCR action; the action was denied based on untimeliness and claim preclusion.

remand for a hearing on the addition of the applicable section 901A.2(8)[2] provision to Yates's sentence, with directions to grant Yates's request to be present at that hearing." *Id.* at *3.

On remand, the district court determined it would not apply section 901A.2(8) and declined to hold a hearing on the matter. *State v. Yates*, No. 14-1774, 2015 WL 4936273, at *1 (Iowa Ct. App. Aug. 19, 2015). We affirmed the district court's ruling on appeal, finding, "The district court determined it would not impose the additional term of parole, and the decision inured to Yates's benefit. A hearing at which the defendant was present was not required under these circumstances."[3] *Id.*

Yates filed a PCR application in 2014, claiming he received ineffective assistance of counsel in an earlier PCR action. In discussing whether the 2014 application was outside the three-year deadline in section 822.3,[4] we stated, "We also are unpersuaded that a resentencing decision in Yates's case restarted the clock. Section 822.3 begins the clock at the time of conviction, not sentence.

---

[2] Section 901A.2(8) provides an enhanced sentencing provision for individuals that have previous convictions for sexually violent offenses that "[i]n addition to any other sentence imposed" "the person shall be sentenced to an additional term of parole or work release not to exceed two years."

[3] Yates filed an application for further review of this decision on September 8, 2015, the application was denied on October 12, 2015, and procedendo issued on the same date.

[4] The pertinent provisions of section 822.3 provide:
> [All] applications [for PCR] must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Procedendo on Yates's direct appeal from his conviction was filed in 2004."[5]  *Yates v. State*, No. 16-0349, 2016 WL 7393896, at *2 (Iowa Ct. App. Dec. 21, 2016).

Yates filed the present PCR action on January 23, 2018, alleging he received ineffective assistance from defense counsel during the original criminal proceedings.  The State filed a motion for summary disposition on the ground that the PCR action was time barred under section 822.3.  In a resistance to the motion, Yates claimed his sentence became final on October 12, 2015, when his application for further review was denied and procedendo issued in *Yates*, 2015 WL 4936273, at *1, the appeal of his resentencing.  He asserted that his 2018 PCR action was timely because it was filed within three years of October 12, 2015.  The State's response pointed out that this argument was rejected in *Yates*, 2016 WL 7393896, at *2, where the court ruled, "Section 822.3 begins the clock at the time of conviction, not sentence."

The district court ruled:

> The State in turn argues that the doctrine expressed in *Yates*, 2016 WL 7393896, [at *2], is controlling.  In that prior case, Yates also argued that his postconviction relief case was not time barred due to a resentencing providing new life to the postconviction claim.  However, there the appellate court specifically rejected that argument holding: "We also are unpersuaded that a resentencing decision in Yates's case restarted the clock.  Section 822.3 begins the clock at the time of conviction, not sentence.  Procedendo on Yates's direct appeal from his conviction was filed in 2004."  This

---

[5] Yates filed an application for further review of the decision of the Iowa Court of Appeals, which claimed:
> In Yates's case the time toll of the 3-year limit did not start to toll until after the judgment of the new sentence was appealed and the procedendo issued . . . .  Since the resentencing was held in 2014, any action thereafter is timely filed under Iowa Code [section] 822.3 on the 3-year time limit to bring an action . . . .

The Iowa Supreme Court denied the application for further review.  Procedendo issued on February 14, 2017.

holding makes clear that [section] 822.3 began to run in 2004 when the direct appeal from Yates's original case was concluded. Resentencing in October 2015 does not reset this clock, and as such, the limitation period for postconviction relief has run. As Yates's petition was filed past the three-year limitation on postconviction petitions, Yates must fit within an exception to the [section] 822.3 limitation.

(Citations omitted). The trial court granted the State's motion for summary disposition.[6] Yates now appeals.

## II.  Standard of Review

We review a district court's decision in a PCR proceeding for the correction of errors of law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "Summary [disposition] is appropriate if the record 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Linn v. State*, 929 N.W.2d 717, 730 (Iowa 2019) (quoting Iowa R. Civ. P. 1.981(3)). The State, as the party filing for summary disposition, has the burden to show there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Id.*

## III.  Discussion

Yates claims the three-year statute of limitations in section 822.3 did not begin running until he exhausted his direct appeal on his resentencing. He points out that section 822.3 provides PCR applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." He states the decision in his criminal

---

[6] The court also denied Yates relief based on claims raised in relation to *Allison v. State*, 914 N.W.2d 866 (Iowa 2018). Yates has not raised his claims under *Allison* on appeal.

action was not final until he was resentenced in 2012, and he could file a timely PCR application within three years after procedendo was issued from his appeal of the resentencing, which was October 12, 2015. Yates argues that the present PCR action, filed on January 23, 2018, was filed within three years after the date of procedendo in October 2015 and thus was timely.

This issue was addressed in a previous PCR action filed by Yates. We stated, "We also are unpersuaded that a resentencing decision in Yates's case restarted the clock. Section 822.3 begins the clock at the time of conviction, not sentence. Procedendo on Yates's direct appeal from his conviction was filed in 2004." *Yates*, 2016 WL 7393896, at *2.

The State advances that our previous decision about the legal consequences of the resentencing is binding now based on the law of the case doctrine. *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012).

> The law of the case doctrine "represents the practice of courts to refuse to reconsider what has once been decided." It stems from "a public policy against reopening matters which have already been decided." Under the law of the case doctrine, "the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." Therefore, under the doctrine, "'an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case.'"

*Id.* (citations omitted). The principles of finality and judicial economy that underpin the law of the case doctrine are alluring in the present context. We prefer, however, to rest out decision not on the law of the case, but on the proposition that our 2016 holding that his three-year clock began to run in 2004 was correct when

decided and has been plainly reinforced by the later opinion of our supreme court, which we discuss next below.

*Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020), suggests that the reasoning in *Yates*, 2016 WL 7393896, at *2 was correct. *Sahinovic* addressed the issue of "whether a defendant who wishes to challenge his or her underlying *conviction* gets the benefit of a new three-year, postconviction-relief deadline when that defendant is *resentenced*." 940 N.W.2d at 357. The court found, "Here the conviction became final in 2011, and that finality was never disturbed simply because Sahinovic filed a motion to correct an illegal sentence in 2014, and in response thereto, the district court amended his sentence in 2015." *Id.* at 361. The court concluded Sahinovic did not receive a new three-year period to file a PCR application, stating "[i]f the conviction itself remained final, then section 822.3's time clock does not restart as to challenges to that conviction." *Id.* at 357.

The holding in *Sahinovic* has been recognized and applied in subsequent cases by our court. *See Reed v. State*, No. 21-1311, 2022 WL 16985691, at *1 (Iowa Ct. App. Nov. 17, 2022) ("[T]he date a conviction becomes final under section 822.3 relates to the original proceeding and not to the date of a resentencing order."); *Sanders v. State*, No. 20-1050, 2022 WL 951037, at *2 (Iowa Ct. App. Mar. 30, 2022) ("Our supreme court has already rejected the argument that the PCR statute of limitations begins to run anew following a proceeding for correction of an illegal sentence."); *Davis v. State*, No. 20-0551, 2021 WL 5918404, at *2 (Iowa Ct. App. Dec. 15, 2021) (finding a PCR application filed after resentencing was untimely); *Munoz-Gonzales v. State*, No. 20-0801, 2021

WL 1907146, at *2 (Iowa Ct. App. May 12, 2021) (finding that resentencing did not bring about a new limitations period).

Yates claims he comes within an exception found in *Sahinovic*:

> To be clear, it would be a different situation if a resentencing had been ordered as part of a *direct appeal*. In that event, we believe both the conviction and the sentence do not become final for Iowa Code section 822.3 purposes until the defendant is resentenced. However, where the defendant files either an application for postconviction relief resulting only in a resentencing or a motion to correct an illegal sentence resulting in a resentencing, the conviction has never ceased to be final and the section 822.3 clock does not restart.

940 N.W.2d 357 at 361 n.3.

We determine this footnote does not change Yates's situation. Yates was not resentenced following a direct appeal. His conviction was affirmed following his direct appeal. *Yates*, 2003 WL 22697964, at *4. Procedendo issued on February 13, 2004. Yates claimed the imposition of a sentencing enhancement was illegal in his PCR application filed on May 16, 2013. *See Yates*, 2014 WL 2600212, at *1. The resentencing was due to this 2013 PCR application. We conclude "the conviction has never ceased to be final and the section 822.3 clock does not restart." *See Sahinovic*, 940 N.W.2d 357 at 361 n.3.

We affirm the district court decision denying Yates's PCR application on the ground it was untimely under section 822.3.

**AFFIRMED.**