## IN THE COURT OF APPEALS OF IOWA

No. 23-0074
Filed December 20, 2023

**MICHAEL EUGENE HORLAS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.


The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Jessica Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann &

Messamer, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee State.


Considered by Greer, P.J., and Ahlers and Buller, JJ.

**GREER, Presiding Judge.**

Michael Horlas appeals the denial of his third application for postconviction relief (PCR), asserting that the PCR court wrongly determined that his prior appellate PCR counsel was not ineffective for failing to seek further review in his second PCR action. Because we find that this third PCR action is barred by the three-year statute of limitations, we affirm the PCR court.

This PCR action is Horlas's fourth challenge to—and third PCR action regarding— his convictions for first-degree murder, willful injury,[1] domestic assault with injury, and obstruction of emergency communication. *See generally State v. Horlas* (*Horlas I*), No. 01-1764, 2002 WL 31757451 (Iowa Ct. App. Dec. 11, 2002) (affirming the conviction on direct appeal); *Horlas v. State* (*Horlas II*), No. 13-0966, 2014 WL 3511805 (Iowa Ct. App. July 16, 2014) (affirming the denial of Horlas's first PCR application); *Horlas v. State* (*Horlas III*), No. 19-1344, 2020 WL 5944450 (Iowa Ct. App. Oct. 7, 2020) (affirming the denial of Horlas's second PCR application). Procedendo issued on Horlas's direct appeal on March 20, 2003.

After we issued our opinion in *Horlas III* denying Horlas relief on his second PCR application, Horlas's appellate PCR counsel did not seek further review of the decision from our supreme court. Horlas filed this third PCR action in February 2021, challenging appellate PCR counsel's decision not to do so. The PCR court held an evidentiary hearing on the application in December 2022. At the hearing,

---

[1] The willful injury conviction merged into the first-degree murder conviction, and Horlas was sentenced to life imprisonment on this first-degree murder conviction, thirty days on the domestic assault with injury conviction, and thirty days on the obstruction of emergency communication conviction. The sentences are running concurrently.

the State argued for dismissal of the application as time-barred. Horlas conceded that the three-year statute of limitations for PCR actions had expired, but he asserted that his challenge in this action was to his sentence and therefore survives.[2] In January 2023, the PCR court issued its ruling, first finding that the application was not time-barred as it was a challenge to an illegal sentence. At the same time, the PCR court concluded that "the PCR case before me could be construed [as] an original PCR action on the effectiveness of trial and appellate counsel on the illegal sentence issue." The PCR court denied relief, stating that as to PCR appellate counsel's failure to seek further review that she "had no duty to raise a claim that, in her considered and professional judgment, was not likely to be successful." Horlas appeals.

We review PCR proceedings for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). "[W]e will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). We review claims of ineffective assistance of PCR counsel de novo. *See Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

There is no dispute here that the statute of limitations for Horlas to seek PCR expired March 20, 2006, three years after procedendo issued following his direct appeal. *See* Iowa Code § 822.3 (2021) ("[A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an

---

[2] "A defendant can raise a claim that their sentence is illegal, whether on constitutional or statutory grounds, at any time." *State v. Wright*, No. 21-1550, 2022 WL 16985697, at *2 (Iowa Ct. App. Nov. 17, 2022).

appeal, from the date the writ of procedendo is issued."). The same three-year statute of limitations applies to subsequent PCR actions, including those alleging ineffective assistance of counsel. *Id.* ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."); *see also Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022) (finding that a fourth PCR application alleging ineffective assistance of counsel filed after the amendment to section 822.3 was outside the three-year statute of limitations and thus was time-barred).[3]

We have applied section 822.3 to find that subsequent PCR actions filed more than three years after the date of conviction or the issuance of procedendo were time-barred. *See Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022) (finding that because Brooks's "second PCR action fell outside the three-year statute of limitations in section 822.3 . . . [it] was time barred"). We have found the same for PCR actions that alleged ineffective assistance of counsel. *See, e.g.*, *Brown v. State*, No. 22-1596, 2023 WL 5601811, at *1 (Iowa Ct. App. Aug. 30, 2023) (finding that a second PCR application alleging trial and PCR counsel were ineffective was barred by the statute of limitations); *Reed v. State*, No. 21-1311, 2022 WL 16985691, at *2 (Iowa Ct. App. Nov. 17, 2022) (same).

---

[3] The legislature amended section 822.3 in 2019 to clarify application of the three-year time bar for subsequent PCR actions. 2019 Iowa Acts ch. 140, § 34. The amendment took effect on July 1, 2019, after we issued our decision in *Horlas II* and Horlas had submitted his appeal in *Horlas III*. *See* Iowa Const. art. 3, § 26 (providing effective date of laws).

Although Horlas argues now that his challenge is to the constitutionality of his sentence, we already decided that issue in *Horlas III*. 2002 WL 31757451, at *2 (finding that, in the absence of any Iowa case law holding that a life sentence for those with mental illness is a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, Horlas's sentence is not illegal). And Horlas's attempt to relitigate the issue now does not allow him to circumvent the statute of limitations. *See* Iowa Code § 822.8 ("Any ground finally adjudicated . . . may not be the basis for a subsequent application."); *see State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) ("[A]n appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case." (citations omitted)). In any event, the challenge here is to the effectiveness of appellate PCR counsel, not to the underlying sentence; finding to the contrary would permit an infinite loop of PCR denials followed by ineffective-assistance-of-counsel claims packaged as challenges to illegal sentences. Therefore, we affirm the denial of the PCR application, but for the reason that section 822.3 makes this third PCR application time-barred.

**AFFIRMED.**