# IN THE COURT OF APPEALS OF IOWA

No. 21-0648
Filed October 19, 2022

**JAMES ANTHONY OLDS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Linn County, Mitchell E. Turner,

Judge.


James Olds appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


Considered by Schumacher, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**AHLERS, Judge.**

James Olds seeks postconviction relief (PCR), alleging he received ineffective assistance in his underlying criminal case. The PCR court denied his PCR application. Olds appeals.

## I.      Facts and Prior Proceedings

In 2011, a child told her mother that Olds had sexually abused her. Her mother contacted the Marion Police Department and the Iowa Department of Human Services. A trained forensic interviewer at the Child Protection Center (CPC) interviewed the child, who made additional abuse allegations during the interview. Based on the allegations, the State charged Olds with multiple offenses. The child then made additional allegations, resulting in a second CPC interview. Based on the new information, the State amended the trial information. The charges after the amendment were second-degree sexual abuse, sexual exploitation of a minor, lascivious acts with a child, indecent contact with a child, lascivious conduct with a minor, false imprisonment, and indecent exposure. Prior to trial, the State sought admission of both CPC interviews and the child's deposition because the child could not remember any events forming the basis of the case.

The CPC interview recordings and deposition were admitted into evidence over defense objections that their admission would violate the Confrontation Clause of the United States Constitution. The child also testified at trial and was cross-examined, though she could not recall the instances of abuse due to her young age at the time of the abuse. The jury convicted Olds as charged. The court sentenced him to thirty-five years in prison with a seventy percent mandatory

minimum. Our court affirmed his conviction on direct appeal. *State v. Olds*, No. 14-0825, 2015 WL 6510298, at *1 (Iowa Ct. App. Oct. 28, 2015).

Olds then brought this PCR action. He alleges counsel was ineffective for failing to: (1) object to the CPC interviews under article I, section 10 of the Iowa Constitution; (2) request a limiting instruction regarding the CPC interviewer's statements during the interviews; (3) object to vouching testimony; (4) object to improperly induced testimony; (5) request to sever the charges; (6) call his close friend as a witness at trial; and (7) elicit certain testimony from his son.

Following a trial on the merits, the PCR court denied Olds's application in its entirety. Olds appeals.

## II. Scope and Standard of Review

Although we generally review PCR actions for legal error, we review ineffective-assistance claims de novo because they are constitutional claims. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

To establish his ineffective-assistance claims, Olds must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

To satisfy the first prong, Olds must show counsel performed below the standard of a "reasonably competent attorney" as measured by "prevailing

professional norms." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (quoting *Strickland*, 466 U.S. at 687).

> We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis. Ineffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment. Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel. When counsel makes a reasonable tactical decision, this court will not engage in second-guessing. Selection of the primary theory or theories of defense is a tactical matter.

*Id.* (internal citations and quotation marks omitted).

To satisfy the second prong, Olds must show counsel's "errors were so serious as to deprive [him] of a fair trial." *Id.* (alteration in original) (quoting *Strickland*, 466 U.S. at 687).

> [T]he judgment shall not be set aside unless it can be shown the error had an effect on the judgment. A showing that the error conceivably could have influenced the outcome of the proceeding is not enough. Rather, the effect must be affirmatively proven by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Reasonable probability is a probability sufficient to undermine confidence in the outcome. In a challenge to a criminal conviction, the appropriate question to ask is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

*Id.* (internal citations and quotation marks omitted).

## III. Discussion

### A. Article I, section 10 of the Iowa Constitution

First, Olds claims counsel was ineffective for failing to object to admission of the CPC interviews and the child's deposition testimony under the confrontation clause provisions of article I, section 10 of the Iowa Constitution. He claims the

state constitutional objections should have been raised in addition to his federal constitutional objections because the Iowa Constitution would have prohibited admission of the interviews and deposition testimony.[1]  He stresses that we are free to interpret our constitution as providing more protection than the federal constitution.  *See State v. Baldon*, 829 N.W.2d 785, 820–21 (Iowa 2013) (Appel, J., specially concurring) (discussing instances where our supreme court interpreted the Iowa Constitution in a different manner than the United States Constitution).  He contends that, if objections based on the Iowa Constitution had been raised, the interviews and deposition testimony would not have been admitted.

Although Olds raises this claim, he does not point to any case wherein any court has interpreted a defendant's right "to be confronted with the witnesses against him" under article I, section 10 of the Iowa Constitution differently than the Sixth Amendment right "to be confronted with the witnesses against him."  Nor does he present us with a compelling argument to do so.  At best, he points us to a line of dicta from *State v. Ege*, 274 N.W.2d 350, 356 (Iowa 1979), and *Goforth v. State*, 70 So.3d 174, 187 (Miss. 2011), which was decided under the Mississippi Constitution and is factually distinguishable from the present case.  Based on the lack of authority suggesting that the identical language in the two constitutions should be interpreted differently, we are not persuaded to do so here.  Therefore, Olds has failed to establish that, if trial counsel had lodged an objection to

---

[1] To the extent Olds attempts to challenge this court's Sixth Amendment ruling made on direct appeal, he cannot.  *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) (prohibiting a PCR applicant from challenging an issue resolved on the applicant's direct appeal in the underlying criminal case).

admission of the interviews and deposition testimony based on the confrontation clause of the Iowa Constitution, it would have resulted in exclusion of that evidence. "Counsel is not ineffective for failing to make a meritless claim." *State v. Schlachter*, 884 N.W.2d 782, 785 (Iowa Ct. App. 2016). Accordingly, we conclude Olds's trial counsel was not ineffective for failing to raise this claim under article I, section 10 of the Iowa Constitution.

### B. Limiting Instruction

Next, Olds contends trial counsel was ineffective in not requesting a limiting instruction like the one requested in *State v. Esse*, No. 03-1739, 2005 WL 2367779 (Iowa Ct. App. Sept. 28, 2005), to limit the jury's consideration of statements and questions from the CPC interviewer.[2] Olds contends because the interviewer repeated statements made by the child during the interviews, a limiting instruction was necessary so that the jury would not consider the interviewer's statements as evidence of Olds's guilt.

Olds's case differs significantly from *Esse*. In *Esse*, a criminal defendant was interrogated by law enforcement in a manner that suggested the defendant was lying and that the officers had additional evidence of the defendant's guilt that was not presented at trial. 2005 WL 2367779, at *4. This made it necessary to give an instruction limiting how the jury could consider the interrogation questions. *Id.* at *5.

---

[2] The requested instruction in *Esse* stated, "Statements and questions by law enforcement officers during interviews with the [d]efendant are not evidence to be considered for their truth. The [d]efendant's answers and responses to those questions and statements are evidence." 2005 WL 2367779, at *3.

In contrast to *Esse*, here, the CPC interviewer's statements and questions were limited to repetition of information the child already revealed. So, there was no implication the CPC interviewer believed someone was being untruthful or that the CPC interviewer had additional evidence of sexual contact between Olds and the child that was not already disclosed by the child during the interview. Because the purpose of a limiting instruction is to avoid determinations of guilt or innocence "upon nonevidentiary assertions" and that risk was not present here, counsel did not breach his duty by failing to request a limiting instruction. *See id.* Moreover, even if counsel should have requested the instruction, Olds cannot prove prejudice because the interviewer's statements were merely duplicative of the child's properly admitted statements. *See State v. Lopez-Agular*, No. 17-0914, 2018 WL 3913672, at *8 (Iowa Ct. App. Aug. 15, 2018) (finding no prejudice when counsel failed to request a limiting instruction because the evidence was duplicative of properly admitted evidence).

## C.    Vouching Testimony

Olds next contends trial counsel was ineffective in failing to object to portions of the CPC interviewer's trial testimony as improperly vouching for the child. Experts are prohibited from "commenting on the credibility of a victim in a criminal sex abuse proceeding. Although we are committed to the liberal view on the admission of psychological evidence, we continue to hold expert testimony is not admissible merely to bolster credibility." *State v. Dudley*, 856 N.W.2d 668, 676 (Iowa 2014). For example, an expert may not testify that they recommend therapy for a child because they believe the child's allegations of sexual abuse, *see id.* at 678, nor may an expert provide evidence that they believed a police investigation

was clearly warranted.  *See State v. Brown*, No. 12-1633, 2013 WL 5743652, at *5 (Iowa Ct. App. Oct. 23, 2013).

Olds contends counsel should have objected to the following testimony from the CPC interviewer as improperly vouching for the child:

> [Prosecutor]: After this interview with [the child], what kind of recommendations, if any, did you make to the multidisciplinary team? A. We recommended to teach—review body safety with her and to have no contact with [Olds] for the course of the investigation.  We recommended some play therapy or counseling for her, and we talked with the family about not discussing any of the case—the allegations with [the child].  And then we always have a recommendation that further action is determined by law enforcement and [Iowa Department of Human Services].
> Q. So your recommendation to law enforcement and [Iowa Department of Human Services] was to continue their investigation? A. Yes, further action is determined by them.
> . . . .
> Q. After this interview, what kind of recommendations did you make to the team?  A. We recommended again to continue reviewing the body safety, and we recommended the counseling again and continuing the no contact during the investigation and then that further action be determined by law enforcement and [Iowa Department of Human Services].

We do not consider this testimony to vouch for the child's credibility.  The interviewer did not testify that her recommendation for therapy was based on her belief of the child.  She merely stated that she recommended therapy—a recommendation that may be made regardless of the accuracy of the allegation.  *See State v. Beloved*, No. 14-1796, 2015 WL 8390222, at *5 n.3 (Iowa Ct. App. Dec. 9, 2015) (noting recommendations for counseling may be made for a variety of reasons, "[f]or instance, even if the allegations were untrue, [the child] might nonetheless benefit from therapy simply because she stated, or perhaps just believed, [the defendant] abused her").  She also made clear that she was not

involved in the decision to investigate the child's allegations, as that decision was up to the department and law enforcement.

As the interviewer's testimony did not vouch for the child's allegations, counsel had no duty to object to it on that ground. Counsel did not breach an essential duty by failing to object.

## D.     Induced Testimony

Olds contends his trial counsel was also ineffective for failing to object to admission of the CPC interviews and the child's deposition as improperly induced because the child received a stuffed animal after the interviews and a cookie after the deposition.

Olds insists this is an implied or express quid pro quo situation, and because the testimony was induced, it should have been excluded. However, Olds presents no Iowa authority that would lead us to conclude offering a stuffed animal to a child following a forensic interview or cookie following a deposition amounts to improperly induced testimony—especially when the interviewer provides no direction on what testimony the child is to provide. As the district court aptly noted: "The [a]pplicant's argument earns points for creativity, but the [c]ourt finds that it is utterly without merit." Counsel has no duty to raise meritless claims. *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015). We agree with the district court that Olds did not establish that trial counsel breached an essential duty or that counsel's failure to object to the child's testimony on this basis was prejudicial. Accordingly, this claim fails.

### E.      Severance of Counts

Olds contends trial counsel was ineffective by not moving to sever the sexual exploitation of a minor and false imprisonment counts from the rest. He argues doing so was necessary because certain evidence relating to those counts did not relate to the others.[3] So by trying the sexual exploitation of a minor and false imprisonment counts together with the remaining counts—thereby including evidence Olds took nude photographs of the child while bound to a chair—he reasons the jury likely convicted him on all counts due to the shocking nature of the evidence.

We are not persuaded by Olds's claim for multiple reasons. First, multiple counts against the same defendant are properly joined when they "arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan." Iowa R. Crim. P. 2.6(1). Our supreme court has found that when evidence on one count is "relevant and legally intertwined" with another and "[t]he district court also had a cautionary instruction which instructed the jury to look at each of the eight counts separately and reach a verdict on each count separately," as occurred here, there is no unfair prejudice in trying all counts together. *See State v. Romer*, 832 N.W.2d 169, 183 (Iowa

---

[3] To the extent Olds argues counsel was ineffective for failing to keep out the CPC interview—wherein the child described Olds tying her to a chair, removing her clothes, and photographing her—for being unfairly prejudicial, his claim fails. This evidence was highly relevant to the sexual exploitation of a minor and false imprisonment counts. While it is prejudicial, it is not unfairly so. *See* Iowa R. Evid. 5.403. We also reject Olds's contention that this evidence is unfairly prejudicial because it was not accompanied by corroborative physical evidence, as corroboration is not required. *Cf.* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required.").

2013). Here, all seven counts were part of an alleged common scheme or plan to sexually victimize this particular child. Further, the evidence of which Olds complains was directly related to each count. Evidence that Olds took nude photographs of the child while bound to a chair was direct evidence of elements required on the sexual exploitation of a minor and false imprisonment counts. It was also relevant on the other five counts due to the State's obligation to prove Olds's actions with the child were sexual in nature as it relates to the sexual abuse in the second-degree count or they were done with the specific intent to arouse or satisfy his sexual desires on the counts of lascivious acts with a child, indecent contact with a child, lascivious conduct with a minor, and indecent exposure. *See State v. Montgomery*, 966 N.W.2d 641, 650–51 (Iowa 2021) (holding the sex act needed to support a charge of sexual abuse requires proof the act was sexual in nature and proof of intent of sexual gratification is needed to support charges of lascivious acts with a child and indecent contact with a child). As the counts were intertwined, counsel had no duty to move to sever the counts. Moreover, Olds provides nothing to suggest the jury failed to follow the jury instructions and actually convicted him on all counts based on the shocking nature of the evidence relating to two of the counts.

Second, trial counsel pursued a reasonable trial strategy by not asking to sever the counts. Shortly after the child reported being photographed in the nude while tied to a chair, law enforcement searched Olds's residence and electronics looking for the photographs. None were found. Trial counsel used the lack of corroborating evidence as a trial strategy to try to discredit the child's testimony. While the strategy did not work, it was reasonable. *See State v. Lorenzo*, 935

N.W.2d 862, 869 (Iowa 2019) (noting that proving counsel breached an essential duty requires more than showing that a reasonable trial strategy backfired).

### F. Failure to Complete Full Investigation

Next, Olds claims counsel failed to complete a "full and effective investigation of facts in preparation for trial" because counsel did not call Olds's close friend, who was also his business partner, to testify about a confrontation between Olds and the child's mother and to rebut testimony from Olds's daughter.[4]

Counsel explained at the PCR trial that he decided not to call the friend to testify because he had concerns about how the "testimony would be interpreted by a jury" and worried about "the holes that would be punched in [the friend's] testimony would be more detrimental than any sort of potential benefit to be gleaned from that testimony," specifically "the motive and the basis for his testimony being potentially pointed out for those purposes and that association as opposed to any sort of holes punched in the government's case." This is reasonable trial strategy. *See Lamasters*, 821 N.W.2d at 866; *State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003) ("[T]he decision not to call a particular witness or the defendant to testify implicates a reasonable tactical decision."). We do not fault counsel for employing such strategy. *See Polly*, 657 N.W.2d at 468 ("Trial counsel's decision not to call [the defendant] to testify clearly was a strategical decision we will not second-guess.").

---

[4] Olds attempts to raise another claim within this section of his appellate brief, complaining counsel did not impeach his daughter with a video statement that Olds's claims contradicted her testimony. However, the PCR court never ruled on this claim. Nor did Olds alert the court of its failure to rule on the claim in his Iowa Rule of Civil Procedure 1.904(2) motion. So it is not preserved for our review. *See Lamasters*, 821 N.W.2d at 862–64.

Still, Olds contends this strategy was unreasonable because his friend could have testified to animosity in Olds's family, which he claims induced false allegations that began his criminal case. Olds's contention overlooks the fact that the jury already heard plenty about the family dynamics and animosity. So, the friend would not have added any new colors to the picture already painted for the jury. And, contrary to Olds's belief, his friend could not establish his daughter's testimony was untruthful. The daughter testified at the criminal trial that Olds told her that the friend wiped his computer clean. The friend testified at the PCR trial that he did not delete information from Olds's computer—but that does not disprove the daughter's testimony about what Olds told her. If anything, introducing the testimony from the friend may have helped establish that Olds lied about how the computer was wiped.

We find Olds did not establish counsel was ineffective for not calling Olds's friend to testify.

### G. Failure to Elicit Certain Testimony

Finally, Olds contends his trial counsel was ineffective for failing to elicit testimony from his son explaining that Olds had bought him a car, school clothes, and wrestling DVDs and paid for his spring break vacation as part of his regular parenting expenditures as opposed to doing so in exchange for favorable testimony from the son. However, counsel elicited testimony from Olds's son to explain that Olds had planned to get him a car ever since he got his permit and that Olds had also done so for his daughter. Counsel also had Olds's son explain he had a contract with Olds listing standards he would have to meet in order to drive the car, those included to not smoke or drink in the car, meet curfew, maintain

good grades, and pay for car maintenance and fees. Counsel explicitly asked Olds's son if the contract included anything conditioning his access to the car on the content of his testimony at trial, and the son confirmed that it did not.

We understand that Olds thinks counsel should have done more to push back on the State's implication that the son's testimony in support of Olds was not reliable because he was receiving some sort of financial kickback from Olds. But we do not think counsel was deficient in his approach. Counsel secured testimony from the son to explain Olds bought him a car as Olds previously planned and had previously also done for his daughter, and the son explained his use of the car was tied to typical rules parents set for teen drivers—not to the content of his testimony at trial. This shows counsel tried to do something to combat the State's implication, and Olds was not entitled to perfect counsel that performed exactly as Olds desired at all times. *See State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000).

Even if trial counsel had Olds's son go into more detail about how Olds had historically financially supported him and further explained that Olds had not ratcheted up his financial support in exchange for his son's supportive testimony, the jury would have reason to question the reliability of the son's testimony. Assuming there was no quid pro quo situation, the son still had a financial motive to keep his father out of prison because, as the son testified at the PCR trial, Olds provided him with the bulk of his financial support.

All things considered, Olds cannot establish counsel was ineffective for how he prepared and presented the testimony of Old's son.

**H.    Cumulative Prejudice**

To the extent Olds argues he is entitled to relief due to the cumulative prejudice associated with his allegations of ineffective assistance of counsel, we find no such prejudice exists.  *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012) (recognizing "Iowa recognizes the cumulative effect of ineffective assistance of counsel claims with analyzing prejudice under *Strickland*.").

**IV.    Conclusion**

On our de novo review, we affirm the district court's ruling dismissing Olds's petition.

**AFFIRMED.**